TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
MEI XIU LIN,
*on behalf of herself and others similarly situated*,
                                       Plaintiff,

                            v.

LAVA KITCHEN INC.
    d/b/a Lava Kitchen,
"JOHN" SUN, and
HUIZHE WANG
                               Defendants.
---------------------------------------------------------------x

**Case No. 17-cv-4234**

**29 U.S.C. § 216(b) COLLECTIVE ACTION AND FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

Plaintiff MEI XIU LIN (hereafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys, Troy Law, PLLC, hereby bring this complaint against Defendants LAVA KITCHEN INC. d/b/a Lava Kitchen, "JOHN" SUN, and HUIZHE WANG and alleges as follows:

## INTRODUCTION

1.     This action is brought by Plaintiff, on behalf of herself as well as other similarly situated employees against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.* and of the New York Labor Law (NYLL) §§ 650 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to

pay their employees, including Plaintiff, minimum wage for each hour worked and overtime for all hours worked in excess of forty (40) in each workweek.

3. Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week.

4. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5. Plaintiff further alleges pursuant to the NYLL and the New York Minimum Wage Order for the Hospitality Industry 12 N.Y.C.R.R. § 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unpaid spread-of-hours, (4) liquidated damages equal to one hundred percent (100%) of the sum of unpaid minimum wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (5) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday; (6) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that accurately and truthfully listed each employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from the employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day; (7) nine percent (9%) simple prejudgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, (8) post-judgment interest, and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

9. Plaintiff MEI XIU LIN was employed by Defendants at LAVA KITCHEN INC. d/b/a Lava Kitchen located at 2656 Broadway, New York, NY 10025 as a packer.

## DEFENDANTS

*Corporate Defendant*

10. Defendant LAVA KITCHEN INC. d/b/a Lava Kitchen is a domestic business corporation organized under the laws of the State of New York with a principal address at 2656 Broadway, New York, NY 10025.

11. Upon information and belief, LAVA KITCHEN INC. d/b/a Lava Kitchen is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief, LAVA KITCHEN INC. d/b/a Lava Kitchen purchased and handled goods moved in interstate commerce.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by LAVA KITCHEN INC. d/b/a Lava Kitchen.

*Owner/Operator Defendants*

14. Upon personal knowledge of Plaintiff, the Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant LAVA KITCHEN

INC. d/b/a Lava Kitchen and being among the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law.

15. Owner/Operator Defendant "John" Sun, known as "Boss" to Plaintiff, (1) had the power to hire and fire LAVA KITCHEN INC. d/b/a Lava Kitchen employees, including Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records.

16. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant "John" Sun acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with LAVA KITCHEN INC. d/b/a Lava Kitchen.

17. Owner/Operator Defendant Huizhe Wang, known as "Manager" to Plaintiff, (1) had the power to hire and fire LAVA KITCHEN INC. d/b/a Lava Kitchen employees, including Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records.

18. Upon personal knowledge of Plaintiff, Owner/Operator Defendant Huizhe Wang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with LAVA KITCHEN INC. d/b/a Lava Kitchen.

## STATEMENT OF FACTS

19. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the hourly minimum wage rate for each hour worked.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawfully due overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

22. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

23. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

24. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiff's primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

25. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

26. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

27. Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL.

28. At all relevant times, the restaurant has at one time at least ten (10) employees, including two (2) deliverymen, one (1) packer, and seven (7) kitchen staff.

*Plaintiff MEI XIU LIN*

29. From on or about November 5, 2016 to May 11, 2017, Plaintiff MEI XIU LIN was

employed by Defendants to work as a packer for LAVA KITCHEN INC. d/b/a Lava Kitchen located at 2656 Broadway, New York, NY 10025.

30. Plaintiff MEI XIU LIN was referred to LAVA KITCHEN INC. d/b/a Lava Kitchen by an employment agency and was hired by "John" Sun.

31. According to "John" Sun, Plaintiff was fired by Huizhe Wang but according to Huizhe Wang, Plaintiff was fired by "John" Sun.

32. From November 5, 2016 to May 11, 2017, Plaintiff MEI XIU LIN worked from:

   a. 11:00 to 21:30 for ten and a half (10.5) hours each day on Monday, Wednesday, Thursday, Friday, Saturday, and Sunday for six (6) days and sixty-three (63) hours a week, with Tuesday off.

33. From on or about November 2016 to December 2016, Plaintiff was paid a flat compensation of two thousand one hundred dollars ($2,100) per month, fifty percent (50%) in cash and fifty percent (50%) in check.

34. From on or about December 2016 to April 2017, Plaintiff was paid a flat compensation of two thousand two hundred dollars ($2,200) per month, fifty percent (50%) in cash and fifty percent (50%) in check.

35. From on or about April 2017 to May 2017, Plaintiff was paid a flat compensation of two thousand four hundred dollars ($2,400) per month, fifty percent (50%) in cash and fifty percent (50%) in check.

36. At all relevant days, Plaintiff MEI XIU LIN was not assigned a fixed meal break and had around ten (10) minutes to eat lunch and dinner.

37. At all relevant times, Plaintiff MEI XIU LIN was also not informed of her hourly pay rate or the minimum wage, and she was not paid overtime pay for overtime work.

38. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff MEI XIU LIN her lawful overtime compensation of one and one half times (1.5x) the regular rate of pay for all hours worked over forty (40) in a given workweek.

39. While employed by Defendants, Plaintiff MEI XIU LIN was not exempt under federal and state laws requiring employers to pay employees overtime.

40. Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action individually and as class representatives on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings her NYLL claims pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

43. All said persons, including Plaintiff, are referred to herein as the "Class."

44. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P Rule 23.

*Numerosity*

45.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than ten (10) members of the class.

*Commonality*

46.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a.     Whether Defendant employed Plaintiff and the Class members within the meaning of the NYLL;

   b.     Whether Plaintiff and the Class members were entitled to and paid minimum wage under the NYLL;

   c.     Whether Plaintiff and the Class members were entitled to and paid overtime under the NYLL;

   d.     Whether Plaintiff and the Class members were entitled to and paid spread-of-hours under the NYLL;

   e.     Whether Plaintiff and the Class members were entitled to meal breaks under the NYLL, whether Plaintiff and the Class members were afforded meal breaks, and how long those meal breaks were;

   f.     Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Class members' employment, or timely thereafter;

g.  Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiff and the Class members each payday; and

h.  At what common rate, or rates subject to a common method of calculation were and are Defendants required to pay the Class members for their work; and

i.  Whether Defendants paid Plaintiff and Class Members wages in cash and in check so as to artificially lower payroll;

*Typicality*

47. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

48. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage-and-hour employment litigation cases.

*Superiority*

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate

defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these

risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

51. Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

52. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

53. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

54. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum wage when they knew or should have known that such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

### COUNT II.
**[Violations of the New York Labor Law—Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the Rule 23 Class]**

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

57. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Class for some or all of the hours they worked.

58. Defendants knowingly and willfully violated Plaintiff's and similarly-situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

59. After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Nonpayment of Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for such employment at a rate not less than one and one half times (1.5x) the regular rate at which he is employed, or one and one half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

62. Defendants' failure to pay Plaintiff and the FLSA Collective overtime violated the FLSA.

63. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

64. The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

65. Defendants willfully failed to notify Plaintiff and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiff's and

the FLSA Collective Members' labor.

66. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiff and the Collective.

## COUNT IV.
### [Violation of New York Labor Law— Nonpayment of Overtime Brought on behalf of Plaintiff and Potential Rule 23 Class]

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

69. At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one half times (1.5x) Plaintiff's and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

70. Defendants' failure to pay overtime violated the NYLL.

71. Defendants' failure to pay overtime was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay Brought on behalf of Plaintiff]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten (10) hours pursuant to NYLL §§190, *et seq.*, and §§650, *et*

*seq.*, and New York State Department of Labor regulations §146-1.6.

74. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods Brought on behalf of Plaintiff and Potential Rule 23 Class]

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six (6) hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six (6) hours and starts between 1 p m. and 6 a.m. NYLL § 162.

77. Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiff work or worked.

78. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

79. Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Record-Keeping Requirements Brought on behalf of Plaintiff and Potential Rule 23 Class]

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six (6) years, as required by NYRR § 146-2.1.

82. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

83. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

84. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VIII.
### [Violations of the New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Potential Rule 23 Class]

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86. NYLL requires employers to provide written notice of: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances clamed, if any, as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. NYLL § 195-1(a).

87. Defendants willfully failed to provide notice to employees in violation of NYLL, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle, and rate of overtime

on her or her first day of employment.

88. Defendants not only did not provide notice to each employee at time of hire, but failed to provide notice even after the fact.

89. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, fifty dollars ($50.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

## COUNT IX.
**[Violations of the New York Labor Law—Failure to Provide Pay Stub
Brought on behalf of Plaintiff and Potential Rule 23 Class]**

90. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91. NYLL requires employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

92. Defendants have failed to make a good faith effort to comply with the NYLL with respect to the compensation of each Plaintiff, and did not provide paystubs on or after each Plaintiff's payday.

93. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, two hundred fifty dollars ($250.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

## COUNT X.
**[Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434
Brought on behalf of the Plaintiff]**

94. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95. 26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bright a civil action for damages against the person so filing such a return.

96. Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorney's fees.

### COUNT XI.
### [Violations of the New York General Business Law—Deceptive Acts and Practices Brought on behalf of the Plaintiff]

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. New York's General Business Law ("NYGBL") § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

99. Due to Defendants' violations of NYGBL, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50.00), whichever is greater.

100. Plaintiff demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Corporate Defendant to recover wages owed as employees of the Corporate Defendant.

### **PRAYER FOR RELIEF**

101. WHEREFORE, Plaintiff, on her own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a. Certification of this case as a collective action pursuant to FLSA;

b. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d. An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e. An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours, and misappropriated tips due to Plaintiff and the Collective under FLSA, and to Plaintiff and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f. Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g. Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from

employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

i.  An award of prejudgment and post-judgment interest;

j.  Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal with no appeal then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL N.Y. C.L.S. Labor § 198(4).

k.  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
June 6, 2017

TROY LAW, PLLC
*Attorney for Plaintiff, the proposed FLSA Collective, and potential Rule 23 Class*

 /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com